IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEBASTIAN AGUILERA AND MARIA SANTOS, h/w<br><br>　　　　　　　Plaintiff<br><br>　v.<br><br>DAVID H. MORGAN; TITANIUM TRANSPORTATION GROUP, INC. and/or TITANIUM TRUCKING SERVICES, INC.; and JOHN DOE, INCS. 1 & 2<br><br>　　　　　　　Defendants | CIVIL ACTION<br><br>NO.: _____<br><br>JURY TRIAL DEMANDED |

**TO:　THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants David H. Morgan and Titanium Trucking Services, Inc. (improperly also named Titanium Transportation Group, Inc.)("Titanium")(hereinafter collectively referred to as "Defendants"), by and through their attorneys, on this date hereby timely files this Notice of Removal of the above-captioned civil action from the Court of Common Pleas of Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania, together with all process, pleadings, and orders, as required by 28 U.S.C. § 1446(a), copies of which are attached hereto and made part hereof, and in support of this Notice, respectfully aver as follows:

**PRELIMINARY STATEMENT**

1.　This action was filed on July 30, 2021 by Plaintiffs, Sebastian Aguilera and Maria Santos (hereinafter "Plaintiffs"), in the Court of Common Pleas of Philadelphia County, by the filing of a Complaint in Civil Action, Docket No.: 210702605, against Defendants (the "State

1

258248691v.1

Case 2:21-cv-04071-GAM   Document 1   Filed 09/13/21   Page 2 of 5

Court Action"). A true and correct copy of the Plaintiff's Complaint is attached hereto as Exhibit "A".[1]

2. Defendant Titanium was served with the Complaint on August 19, 2021 and Defendant Morgan was served with the Complaint on August 21, 2021. Accordingly, this Notice of Removal is timely because it has been filed within thirty (30) days of Defendants' receipt of the initial pleading, as required by 28 U.S.C. § 1446(b).

3. No pleadings, process or orders other than those referenced above have been served on Defendants in the State Court Action, and therefore, no other process, pleadings or orders are attached to this Notice in compliance with 28 U.S.C. § 1446(a).

4. As explained more fully below, this is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states with an amount in controversy exceeding the sum of $75,000.00, exclusive of costs and interest, and the removal is timely.

## DIVERSITY OF CITIZENSHIP

5. Plaintiffs (husband and wife) allege in their Complaint that they are citizens of Delaware and that they reside at 11 Stanton Avenue, New Castle, DE 19720, United States of America. (See Ex. A at ¶¶ 1, 2.)

6. Defendant David H. Morgan is a resident of the province of Ontario and citizen of the country of Canada, residing at 955 Bethel Road, Tweed, ON K0K3J-O, Canada.

---

[1] Defendant Royal Bank of Canada (an Ontario, Canada corporation) was named as an original defendant but was dismissed by way of a stipulation which was filed on September 7, 2021. Regardless, Royal Bank was served with Complaint on August 20, 2021, so timing for removal is still appropriate. (See attached Stipulation at Exhbit B)

258248691v.1

7. Defendant Titanium is a corporation organized under the laws of the province of Ontario, Canada and has its principal place of business located at 32 Simpson Road, Bolton, ON L731G-9, Canada.

8. Complete diversity of citizenship therefore exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).[2]

## AMOUNT IN CONTROVERSY

9. This matter involves negligence and consortium claims arising from an alleged vehicle collision accident, which allegedly caused Plaintiff Sebastian Aguilera to sustain various severe and permanent bodily injuries and losses. (See Ex. A.)

10. Both plaintiffs allege separate Counts for damages "in excess of $50,000.00." [3] Id.

11. Plaintiff Sebastian Aguilera alleges that his damages include: "…injuries which are serious and permanent in nature, including, but not limited to: traumatic brain injury; post concussive-syndrome with ongoing headaches, confusion, word-retrieval compromise, difficulty multi-tasking, light and noise hyper-sensitivity, frustration, anxiety, depression, short-temperedness, forgetfulness, and post-traumatic stress, particularly when driving; closed head injury with cognitive deficit and psychological sequelae; convergence insufficiency; chronic migraine headaches; cervicalgia; lumbar disc herniation at L5-S1; bilateral lumbar lower extremity radiculopathy, right worse than left; low back pain; neck pain; aggravation of any degenerative cervical or lumbar disc disease; post traumatic anxiety and depression; severe

---

[2] Again, named original defendant Royal Bank of Canada has been dismissed by way of stipulation filed on September 7, 2021. Royal Bank of Canada is a corporation organized under the laws of the province of Ontario, Canada and has its principal place of business is also in Ontario, Canada, so diversity jurisdiction would still be appropriate regardless of its prior dismissal. (See attached Stipulation at Exhbit B)

[3] Phila.Civ.R. 1301 establishes the jurisdictional limit for compulsory arbitration at $50,000 or less.

damage to his nerves and nervous system; and various other ills and injuries which the Plaintiff yet suffers and may continue to suffer for an indefinite time into the future", current and future loss of earnings and impairment of earning capacity and power, exceeding the sums and value recoverable under 75 Pa. C.S. Section 1711, current and future severe physical pain and trauma, mental upset and anguish and humiliation, and current and future diminution in his ability to enjoy life and life's pleasures. Id. at ¶¶ 10-14.

12. Plaintiff Maria Santos alleges that her damages include "the loss and deprivations of income and the usual services, society and consortium of her husband and has been required to provide special services and care to him." Id. at ¶ 26.

13. For these reasons, though Defendants deny liability, Defendants David H. Morgan, Titanium Transportation Group, Inc. and/or Titanium Trucking Services, Inc., and Royal Bank of Canada respectfully submit that the total amount in controversy exceeds $75,000, exclusive of costs and interest, for purposes of this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), and therefore, this action is properly removable pursuant to 28 U.S.C. § 1441.

## VENUE

14. Pursuant to provisions of Sections 1441 and 1446 of Title 28 of the United States Code, Defendants seeks removal of this action to the United States District Court for the Eastern District of Pennsylvania, the judicial district in which the action is pending.

## PROCESS

15. This Notice of Removal is being filed without prejudice to Defendants' objections and defenses to Plaintiffs' purported claims.

16. Written notice of the removal of this action will be promptly served on all adverse parties, and a copy will be filed with the Clerk of Judicial Records in the Court of Common Pleas

4

258248691v.1

of Pennsylvania of Philadelphia County in accordance with the provisions of 28 U.S.C. § 1446(d).

17. Defendants respectfully submit that there is an actual controversy between citizens of different States, and that, based on the allegations in Plaintiff's Complaint, the amount in controversy exceeds the jurisdictional minimum.

18. Thus, as 28 U.S.C. § 1332(a) confers federal subject matter jurisdiction over this action, removal to this Court is proper pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendants David H. Morgan and Titanium Trucking Services, Inc. (improperly also named Titanium Transportation Group, Inc.) respectfully request this action pending in the Court of Common Pleas of Pennsylvania of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania, together with such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Dated:   September 13, 2021

*/s/Kristi Buchholz Helfrick*
Kristi Buchholz Helfrick, Esquire
PA ID No. 92468
Two Commerce Square
2001 Market Street - Suite 3100
Philadelphia, PA 19103
kristi.buchholz@wilsonelser.com

*Attorney for Defendants*
*David H. Morgan and Titanium*
*Trucking Services, Inc. (improperly also*
*named Titanium Transportation Group,*
*Inc.)*

258248691v.1